# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WONG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | No. 3:16-cv-1873 (VAB) |

**RULING AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

James Wong and Suzanne Hoy ("Plaintiffs") filed this lawsuit alleging violations of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*; the Americans with Disabilities Act of ("ADA"), 42 U.S.C. § 12101, *et seq.*; Section 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. § 794(a); and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. The Complaint specifically alleges that Southington Board of Education ("Southington") and the State Department of Education ("State DOE") (collectively "Defendants") have violated their son's ("Student") right to a free appropriate public education ("FAPE").

The State DOE moves to be dismiss from this lawsuit, ECF No. 14, and Southington moves to dismiss certain of Plaintiffs' claims for want of subject matter jurisdiction, ECF No. 13.

For the reasons that follow, the Court **GRANTS** the State DOE's motion. The Court **DENIES** in part and **GRANTS** in part Southington's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. FACTUAL ALLEGATIONS[1]

Plaintiffs allege a number of general and specific claims under the IDEA. *See generally* Compl., ECF No. 1. Specifically, the Complaint maintains that Defendants failed to appropriately "label" Student and therefore Defendants failed to provide services that appropriately addressed Student's disability thus denying Student a FAPE for Student's "K-8 school years." *Id.* ¶ 2; *see also id.* ¶ 16. In addition to other remedies not relevant at this time, Plaintiffs seek reimbursement, with interest, for tuition, medical expenses, and transportation, due to Defendants failure to provide Student with a FAPE during Student's third through eighth grades. Compl. at 14.

On May 9, 2016, Plaintiffs filed an administrative complaint, Case No. 16-0517, with the Connecticut Department of Labor. Board's Br. at 3. Hearing Officer Janis Jerman ("HO Jerman") presided over the hearing concerning Plaintiffs' administrative complaint. *Id.* On May 12, 2016, the Board filed a motion to all claims in Plaintiffs' administrative complaint that fell outside the two-year statute of limitations under 34 C.F.R. § 300.507(a)(2) and Conn. Gen. Stat. § 10-76h(a)(4), and any claim Plaintiffs raised regarding alleged violations of the FERPA. *Id.* HO Jerman ruled in the Board's favor and dismissed Plaintiffs' claims relating IDEA violations that allegedly occurred during school periods prior to May 10, 2014, and each claim alleging violations of the FERPA. *Id.* at 3–4; May 24, 2016, Decision on Mot. to Dismiss at 2, Board's Br., Ex. 6, ECF No 13-8.

---

[1] The Court sets out only alleged facts necessary for the resolving the pending motions.

After the presentation of evidence at a hearing on July 18, 2016, and continued on July 26, 27, and August 27 of 2016, HO Jerman issued a final decision and order in which she determined that Student's parents were not entitled to reimbursement for the cost of the unilateral private placement and no other remedy was appropriate. Board's Br. at 6–7.

### B. PROCEDURAL HISTORY[2]

On October 14, 2016, Plaintiffs filed a Complaint in Superior Court of Connecticut, Judicial District of New Britain, under 20 U.S.C. § 1415(i)(2)(A), appealing the final decision and order of HO Jerman. Compl. ECF No. 1-1. Southington then removed Plaintiffs' lawsuit to federal court under 20 U.S.C. § 1448(c). ECF No. 1. The lawsuit alleges four principal claims: (1) inappropriately labeling and denial of services, thus depriving Student of a FAPE, 20 U.S.C. § 1400, *et seq.*; (2) denial of an appropriate individualized education plan in violation of § 504, 29 U.S.C. § 794(a); (3) denial of other reasonable accommodations under the ADA, 42 U.S.C. § 12101, *et seq.*; and (4) denial of access to education records in violation of the FERPA, 20 U.S.C. § 1232g.

The State Board of Education moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Southington also moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1). ECF No. 13, and. ECF No. 14.[3]

On January 16, 2018, the Court held a hearing on Defendants' pending motions. ECF No. 20. Plaintiffs failed to appear, but sent a message to counsel, on the morning of the hearing, that

---

[2] The Court takes judicial notice of certain documents relating to Plaintiffs' administrative hearing. *See Combier-Kapel v. Biegelson*, 242 Fed. App'x 714, 715 (2d Cir. 2007) ("The district court did not err in considering the [Impartial Hearing Officers]'s decision, along with certain other documents in the administrative record, since such documents were subject to judicial notice and were integral to the complaint.") (citing *Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

[3] The Court notes that Plaintiffs have not opposed either motion.

they wished to continue the hearing. Plaintiffs, however, failed to contact the Court and did not move to continue the hearing. Counsel for Defendants appeared for the hearing, but Plaintiffs did not. After waiting thirty minutes, the Court adjourned the hearing. As of the date of this opinion, Plaintiffs still have not contacted the Court to re-schedule the hearing, and since Defendants are the moving parties, the Court will issue its ruling without a hearing.

## II. STANDARD OF REVIEW

A district court may not entertain a case where it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). The Court must "[c]onstrue all ambiguities and draw[ ] all inferences in [the plaintiff]'s favor," and "may refer to evidence outside the pleadings." *Id.* "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). This burden is met "as long as [the] complaint states a colorable federal claim." *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (citation omitted).

When reviewing a motion to dismiss under Rule 12(b)(1), "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).

A district court may also dismiss a case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level" and "enough

4

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Although courts considering motions to dismiss under Rule 12(b)(6) generally "must limit [their] analysis to the four corners of the complaint," they may also consider documents that are "incorporated in the complaint by reference." *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 258 (S.D.N.Y. 2008). The Court may also consider matters subject to judicial notice, which include publicly filed documents. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *DeSilva v. N. Shore-Long Island Jewish Health Sys. Inc.*, 770 F. Supp. 2d 497, 506-07 (E.D.N.Y. 2011).

Finally, *pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III. DISCUSSION

### A. CLAIMS AGAINST THE STATE DEPARTMENT OF EDUCATION

The State DOE maintains that it is neither a necessary nor an appropriate party to an appeal of a final decision from a special education due process hearing. State BOE's Br. at 2, ECF No. 14-1. The Court agrees.

"This Court has previously held that neither the Commissioner of DOE nor DOE is a proper or necessary party to an appeal of a hearing officer's decision under the IDEA." *M.K. ex rel. Mrs. K. v. Sergi*, No. 3:96-cv-00482 (WIG), 2007 WL 988621, at *4 (D. Conn. Mar. 30, 2007) (citing omitted). "State Defendants are not liable for the decision, even though erroneous, on the part of an independent, impartial hearing officer. Liability may not flow from decisions over which State Defendants have no control and cannot legally influence." *Fetto v. Sergi*, 181 F. Supp. 2d 53, 70 (D. Conn. 2001) (citing *Lillbask v. Sergi*, 117 F. Supp. 2d 182, 192 (D. Conn. 2000) (noting also that "any claim of legal error on the part of the hearing officer should procedurally flow against [the town] Defendants")).

"On the other hand, this Court has [also] held that the state education agency is a proper party to actions involving claims of systemic violations of the IDEA." *M.K. ex rel. Mrs. K.*, 2007 WL 988621, at *4 (internal quotation marks omitted) (quoting *Fetto*, 181 F. Supp. 2d at 72); *see also* 20 U.S.C. § 1403(a) ("A State shall not be immune under the 11th amendment to the Constitution of the United States from suit in Federal court for a violation of this chapter."). "A systemic claim is one which 'implicates the integrity of the IDEA's dispute resolution procedures themselves, or requires restructuring of the education system itself in order to comply with the dictates of the [IDEA].'" *Id.* (quoting *Fetto*, 181 F. Supp. 2d at 72).

The Court also recognizes that under certain circumstances "state defendants, including the State Board of Education, may be ordered by the district court to provide compensatory relief." *Fetto*, 181 F. Supp. 2d at 72 (citation omitted). For example, in *Mrs. C. v. Wheaton*, the court determined that compensable education was an appropriate remedy in light of the court's determination that the state department of education was required to follow IDEA's procedures before terminating a student's education placement. 916 F.2d 69, 75 (2d Cir. 1990). In *Burr by Burr v. Ambach*, the court found that the plaintiff, in a suit under the IDEA against a state defendant, was "entitled to a remedy for deprivation of the right that the statute clearly provided him—a free appropriate education between the ages of three and twenty-one"—where the commissioner took three months to review the hearing officer's decision. 863 F.2d 1071, 1078 (2d Cir. 1988), *cert. granted, judgment vacated sub nom. Sobol v. Burr*, 492 U.S. 902 (1989), *and re aff'd on reconsideration sub nom. Burr by Burr v. Sobol*, 888 F.2d 258 (2d Cir. 1989) (citing 20 U.S.C. § 1412(2)(B) ("The Secretary shall not take any final action . . . until the State educational agency affected by such action has had an opportunity, for not less than 45 days after receiving written notice thereof, to submit written objections and to appear before the Secretary . . . to show cause why such action should not be taken.")). And, in *Garro v. State of Connecticut*, the court held that in the absence of "gross" procedural violations, the district court properly dismissed the plaintiff's claim for compensatory education. 23 F.3d 734, 737 (2d Cir. 1994). Under *Mrs. C.*, *Burr by Burr*, and *Garro*, a plaintiff must allege procedural violations under the IDEA to seek compensatory relief against it.

The Complaint plainly states that Plaintiffs "are appealing [HO Jerman's] decision" under the "I.D.E.A." Compl. at 2, ECF No. 1-1. None of Plaintiffs' allegations challenge the "integrity of the IDEA's dispute resolution procedures themselves, or require[] restructuring of

the education system itself." *M.K. ex rel. Mrs. K.*, 2007 WL 988621, at *4. And unlike *Mrs. C.*, *Burr by Burr*, and *Garro*, the Complaint does not allege that the State DOE failed to follow the procedures set out under the IDEA. Plaintiffs seek to be reimbursed for the cost of "tuition, medical expenses and transportation with interest for Defendants alleged violations of the IDEA. Compl. at 14. Nowhere does the Complaint allege that the State DOE violated the procedural safeguards that the IDEA provides to students with disabilities. The limited exception recognized in *Mrs. C.*, *Burr by Burr*, and *Garro* therefore is not applicable to this case. *See, e.g.*, *French v. New York State Dep't of Educ.*, 476 Fed. App'x 468, 471 (2d Cir. 2011) ("[A] form of prospective equitable relief, known as compensatory education remains available to such an individual if a 'gross procedural violation' has resulted in the student's complete deprivation of a FAPE during her period of eligibility." (citing *Garro*, 23 F.3d at 737)).

As a result, the State DOE is not a proper party to this litigation and Plaintiffs therefore fail to state a claim upon which relief can be granted by this Court. The State DOE's motion to dismiss will be granted.

### B. CLAIMS AGAINST THE SOUTHINGTON BOARD OF EDUCATION

#### 1. Individuals with Disabilities Education Act ("IDEA")

Under 42 U.S.C. § 1983, Plaintiffs have alleged that Southington denied Student a FAPE. As a precondition to filing an IDEA claim in federal court, a plaintiff must timely pursue administrative remedies. *See* 20 U.S.C. § 1415(f)(3)(C) and (*l*) (providing procedures and deadlines for an impartial due process hearing).

##### a. Exhaustion of Administrative Remedies

Southington first argues that this Court lacks jurisdiction over Plaintiffs' IDEA claims because, as Southington maintains, Plaintiffs have failed to exhaust administrative remedies

available to them as to certain of Plaintiffs' allegations. Southington's Br. at 12–13. The Court disagrees.

Although the IDEA provides for a federal cause of action to enforce such rights, the IDEA specifies, as a prerequisite to its application, exhaustion of administrative remedies: "[B]efore the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(*l*).

If parents believes their child has been deprived of a FAPE, the IDEA provides for "an impartial due process hearing . . . conducted by the state educational agency or local educational agency, as determined by State law." 20 U.S.C. § 1415(f)(1)(A). Congress left the details of how a parent makes a complaint regarding an alleged deprivation of a FAPE to the prerogative of the States. As a result, Connecticut has adopted a statutory and regulatory scheme, including exhaustion requirements, that a parent must satisfy to seek judicial relief. *See generally* Conn. Gen. Stat. 10-76a *et seq.*; Conn. Agencies Regs. § 10-76d-19.

Consistent with the IDEA, Connecticut General Statute § 10-76(h)(1), provides that a parent may seek a hearing and review of a decision concerning a student's identification, evaluation, educational placement, or the provision of a FAPE with a due process hearing conducted by an impartial hearing officer. An impartial hearing officer must return a final decision within forty-five days after a due process hearing. Conn. Gen. Stat. § 10-76h. Under Connecticut law, a parent may challenge a final administrative decision in state court; filing a petition for reconsideration is not a prerequisite to making such an appeal. Conn. Gen. Stat. § 4-183(a).

The IDEA's exhaustion requirement applies whenever a plaintiff "seek[s] relief that is [] available under [the IDEA]," 20 U.S.C. § 1415(*l*). "'Relief that is also available' has been broadly construed to 'mean relief for the events, conditions, or consequences of which the person complains, not necessarily relief of the kind the person prefers.'" *Myslow v. New Milford Sch. Dist.*, No. 3:03-cv-496 (MRK), 2006 WL 473735, at *10 (D. Conn. Feb. 28, 2006) (quoting *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 488 (2d Cir. 2002)). The Second Circuit has noted that "[i]t is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004).

"The IDEA's administrative procedures test whether a school has met [its] obligation[s]—and so center[s] on the Act's FAPE requirement." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017). "For that reason, § 1415's exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education." *Id.* This is true regardless of whether the lawsuit is brought under "both the IDEA *and* other federal statutes, including the ADA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983." *A. ex rel. A. v. Hartford Bd. of Educ.*, 976 F. Supp. 2d 164, 181–82 (D. Conn. 2013) (citing *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 248 (2d Cir. 2008)); *R.A. v. State of Connecticut Dep't of Educ.*, No. 3:16-cv-1215 (MPS), 2016 WL 5923411, at *1 (D. Conn. Oct. 11, 2016) ("Plaintiffs' Section 504 and ADA claims are subject to the exhaustion requirement of the Individuals with Disabilities Education Act").

Although the Second Circuit has routinely held that exhaustion of administrative remedies under the IDEA is a jurisdictional question, *see, e.g.*, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008), the court has also been "equivocal" about whether

the IDEA's exhaustion requirement should be treated as a jurisdictional rule or a claims-processing rule. *Coleman v. Newburgh Enlarged City Sch. Dist.* 503 F.3d 198, 203 (2d Cir. 2007). The Second Circuit in *Coleman*, however, declined to hold that a failure to exhaust was an affirmative defense. *Id.* (citing *In re Zarnel,* 619 F.3d 156, 168 (2d Cir. 2010) ("This panel is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court.")).

Since *Coleman*, courts in this District have adhered to the rule that a court is divested of jurisdiction when a party fails to exhaust administrative remedies under the IDEA. *See R.A. v. State of Connecticut Dep't of Educ.*, No. 3:16-cv-1215 (MPS), 2016 WL 5923411, at *5 n.8 (D. Conn. Oct. 11, 2016) ("While I could find no Second Circuit case addressing this uncertainty since *Coleman*, later cases . . . have continued to treat the failure to exhaust IDEA remedies as a jurisdictional defect. Therefore, I will treat the exhaustion requirement as jurisdictional."); *A. ex rel. A. v. Hartford Bd. of Educ.*, 976 F. Supp. 2d 164, 181 (D. Conn. 2013) ("Accordingly, barring applicable exceptions already accepted by this circuit, exhaustion of administrative remedies remains a jurisdictional prerequisite and not merely an affirmative defense."). Nevertheless, there is a growing trend based on Supreme Court precedent and decisions from other Circuit Courts to recognize the exhaustion of administrative remedies under IDEA as an affirmative defense and not a jurisdictional rule.[4]

---

[4] Several Circuit Courts have considered the question, and determined that IDEA exhaustion operates as an affirmative defense, placing the burden on the defendant. *See Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) (describing the IDEA as a claims-processing rule); *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 867 (9th Cir. 2011), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (same); *cf. Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 130 (3d Cir. 2017) (expressing doubt as to IDEA exhaustion is a jurisdiction requirement but declining to address the issue); *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 784 (10th Cir. 2013) (noting that "there is much to be said" for the conclusion that IDEA exhaustion is a claims-processing rule but declining to rule on the issue).

The Court, however, need not reach that issue here. Plaintiffs have administratively exhausted. Southington concedes that Plaintiffs filed an administrative complaint alleging that Southington deprived Student of a FAPE and seeking compensation for educational costs. Board's Br. at 3. On September 1, 2016, HO Jarman issued a Final Decision and Order in Plaintiffs' case. *Id.* at 3; *id.*, Ex. 2, ECF No. 13-4. Plaintiffs then filed an appeal of that Final Decision and Order in Connecticut Superior Court, District of New Britain, Compl., ECF No. 1-1 at 2, with claims that do not materially deviate from Plaintiffs' administrative complaint. *Compare* Board's Br., Ex. 1, *with* Compl., ECF No. 1-1 at 2. Because the IDEA's exhaustion requirement turns on whether a parent "seek[s] relief that is [] available under [the IDEA]," 20 U.S.C. § 1415(*l*), Defendants cannot reasonably argue that Plaintiffs have failed to exhaust their claims. The Court's Rule 12(b)(1) inquiry must end here. As a result, Plaintiffs have exhausted their administrative remedies.

For these reasons, Southington's 12(b)(1) motion as to Plaintiffs' failure to exhaust administrative remedies available under the IDEA is denied.

### b. Statute of Limitations

Plaintiffs contend that Southington denied Student a FAPE under the IDEA, during the years he attended third through eighth grades. Southington argues that, under the IDEA's statute of limitations, the Court lacks jurisdiction over a number of these claims. The Court disagrees.

---

Such a determination is consistent with other civil statutory schemes in which exhaustion functions as claims-processing rule. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding that, under the Prison Reform Litigation Reform Act, exhaustion is an affirmative defense); *Day v. McDonough*, 547 U.S. 198, 199 (2006) (recognizing that exhaustion of remedies is an affirmative defense in the context of habeas petitions); *Hardaway v. Hartford Pub. Works Dep't*, No. 16-3074, 2018 WL 385217, at *1 (2d Cir. Jan. 12, 2018) (finding that exhaustion on Title VII is an affirmative defense); *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006) (holding that exhaustion under the Employee Retirement Income Security Act is an affirmative defense).

Although the issue of whether IDEA's statute of limitations period is jurisdictional remains an open question in the Second Circuit, *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013) ("[W]e have explicitly declined to resolve whether the FTCA's statute of limitations is 'jurisdictional'. . . ."), courts in the Circuit, have noted that "[t]he IDEA's statute of limitations is an affirmative defense rather than a jurisdictional prerequisite," *M.G. v. New York City Dep't of Educ.*, 15 F. Supp. 3d 296, 304 (S.D.N.Y. 2014) (citing *Somoza v. New York City Dep't of Educ.*, 538 F.3d 106, 111 (2d Cir. 2008) (noting the court below "held a three-day bench trial on the merits of plaintiff's [IDEA] claims and on the affirmative defenses raised by the DOE—namely, that plaintiff's claims were time-barred")), and therefore "normally cannot be decided on a motion to dismiss," *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009).[5] There is no reason to depart from that approach here.

Indeed, the plain language of the IDEA supports recognizing that the expiration of the exhaustion statute of limitations is an affirmative defense that must be pled and proven and therefore is not jurisdictional. "When Congress reauthorized the IDEA in 2004, it enacted 20 U.S.C. § 1415(f)(3)(C), a statute of limitations that requires parents to file a due process complaint no more than two years *after* the parents 'knew or should have known' about the alleged deprivation, that is, within two years of the reasonable discovery of that violation." *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 604 (3d Cir. 2015); *accord* 20 U.S.C. § 1415(f)(3)(C) ("A parent . . . shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the

---

[5] Tellingly, in the single case the Board cites in support of its argument, the Second Circuit reviewed the lower court's granting of a Rule 56 motion, not a Rule 12 motions, addressing whether the plaintiffs' IDEA claims were time barred. *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003).

13

basis of the complaint . . . ."); 34 C.F.R. § 300.507(a)(2) ("The due process complaint must allege a violation that occurred not more than two years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the due process complaint . . . .").

Generally, statute of limitations periods predicated on discovery, such as this one, do not lend themselves to dismissal under Rule 12(b)(6), much less Rule 12(b)(1). In *M.D. v. Southington Bd. Of Educ.*, for example, the Second Circuit—after remand to the district court for further factual development of admissible evidence and to decide whether it was appropriate to convert that defendant's Rule 12 motion into a Rule 56 motion—affirmed summary judgment for the defendants. 334 F.3d at 219; *see also BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 603 Fed. App'x 57, 59 (2d Cir. 2015) ("The statute of limitations is an affirmative defense, and a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." (internal quotation marks and citation omitted); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (A complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (internal quotation marks omitted and citation omitted)).

Courts, however, recognize an exception to the principle that statute of limitations challenges should be resolved on the merits. "[W]here the complaint *facially* shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading" a party may invoke a statute of limitation defense in an 12(b)(6) motion. *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009) (citing *Oshiver v.*

*Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994); *see also Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162 (2d Cir.1989) (citation omitted) ("When the basis for the motion to dismiss is the applicability of a statute of limitations, the motion is considered under the standard set forth in Rule 12(b)(6) of the Federal Rules."); *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 157 (E.D.N.Y. 2010) ("[U]nder Rule 12(b)(6), a claim may be dismissed as time-barred under the statute of limitations only if the factual allegations in the complaint clearly show that the claim is untimely." (citing *Harris v. City of New York,* 186 F.3d 243, 250 (2d Cir.1999)). Under this provision, in contrast to a motion under Rule 12(b)(1), the Court may consult evidence outside the four corners of the complaint. *Makarova*, 201 F.3d at 113.

Here, absent factual development, Southington cannot argue that "the affirmative defense clearly appears on the face of the pleading." *In re S. African Apartheid Litig.*, 617 F. Supp. 2d at 287. For a defendant to avail itself of an affirmative defense—*e.g.*, that Plaintiffs "knew or should have known" about an alleged deprivation—factual development beyond those plead is typically required. The Complaint does not address what Plaintiffs "knew or should have known" and when. And Rule 8 of the Federal Rules of Civil Procedure does not require Plaintiffs to do so. Under Rule 8, "complaints need not anticipate, and attempt to plead around, potential affirmative defenses." *Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

To the extent that Southington believes that, in the first instance, Plaintiffs' allegation are insufficient to support a "plausible" claim, Federal Rule of Civil Procedure 12(b)(6) provides a vehicle to raise the issue. *Twombly*, 550 U.S. at 556. A Rule 12(b)(1) motion should not be used as an attempt to avoid Rule 8's notice-pleading standards.

Moreover, in reauthorizing the IDEA, Congress adopted two tolling exceptions to the statute of limitations period. As a result, the IDEA's statute of limitations period does not apply to a parent who was prevented from requesting the hearing due to (1) "specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint," or (2) "the local educational agency's withholding of information from the parent" that the IDEA requires the agency to provide. 20 U.S.C. § 1415(f)(3)(D). In other words, in order to succeed in dismissing a lawsuit because of the expiration of the statute of limitations, a defendant will have to address even more factual scenarios, beyond the filing date of the lawsuit.

For all of these reasons, Southington's 12(b)(1) motion as to Plaintiffs' IDEA claims is denied.

### 2. Family and Educational Privacy Act ("FERPA")

Under 42 U.S.C. § 1983, Plaintiffs allege that Southington violated the FERPA by failing to provide Plaintiffs access to the Student's "ED File" and by failing to maintain Student's records in a centralized location. Compl. ¶ 20. Southington contends that the FERPA does not provide a private right of action for Plaintiffs to enforce the statute with respect to the maintenance of Student's educational records. Board Br. at 15. The Court agrees.

The FERPA prohibits federal funding to any state educational agency "that has a policy of denying, or effectively prevents, the parents of a students the right to inspect and review the education records maintained by the State educational agency." 20 U.S.C. § 1232g(a)(1)(B). The FERPA also prohibits federal funding to "any educational agency or institution which has a policy or practice of permitting the release of education records . . . of students without the

written consent of their parents to any individual, agency, or organization." 20 U.S.C. § 1232g(b)(1).

In addressing whether a student could sue a university for damages under § 1983 to enforce § 1232g(b)(1), the Supreme Court held that "[t]here is no question that FERPA's nondisclosure provisions fail to confer [individually] enforceable rights." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 274 (2002). The FERPA "speak[s] only to the Secretary, directing that "[n]o funds shall be made available" to any "educational . . . institution" which has a prohibited "policy or practice." *Id.* (quoting § 1232g(b)(1)); *see also* § 1232g(a)(1)(B) (including substantially similar language). "This focus is two steps removed from the interests of individual students and parents and clearly does not confer the sort of *individual* entitlement that is enforceable under § 1983." *Id.* 274–75. As a result, even if Southington did violate the FERPA as alleged, "recipient institutions can avoid termination of funding so long as they 'comply substantially' with [] FERPA's requirements." *Id.* at 275 (quoting 20 U.S.C. § 1234c(a)).

Although *Gonzaga University* solely addresses whether appellee could sue under § 1232g(b)(1), because § 1232g(a)(1)(B) is cast in terms substantially similar to those in § 1232g(b)(1), *Gonzaga University*'s holding similarly extends to § 1232g(a)(1)(B). *See Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 785 (2d Cir. 2002) (reasoning "[a]lthough the 'rights' language of § 1232g(a) is stronger than that used in § 1232g(b), because the language in § 1232g(a) can be read as simply modifying the terms imposed on fund-receiving institutions, we cannot say that it creates an '*unambiguously* conferred right'" and therefore holding that the FERPA's access provisions do not create a personal right enforceable under § 1983).

For these reasons, Plaintiffs' claims under the FERPA are dismissed.

## IV. CONCLUSION

The State DOE's motion to dismiss is **GRANTED**, and the State DOE is dismissed from this case. The Clerk of the Court is instructed to remove this party from the case and to amend the caption accordingly.

Southington's motion to dismiss is **DENIED** in part and **GRANTED** in part. Southington's argument that the Court lacks jurisdiction to hear Plaintiffs' IDEA claims, fails, at least for now and is **DENIED** accordingly. Southington's motion to dismiss Plaintiffs' claims under the FERPA is **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut, this 22th day of January, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE