UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES WONG and SUZANNE HOY,<br>*Plaintiffs*,<br><br>v.<br><br>BOARD OF EDUCATION,<br>*Defendant*. | No. 3:16-cv-1873 (VAB) |

**RULING ON MOTION TO AMEND THE COMPLAINT**

On October 17, 2016, James Wong and Suzanne Hoy ("Plaintiffs") filed a lawsuit against the Board of Education of Southington, Connecticut ("Southington") alleging that Southington violated their son's right to an appropriate education under state and federal special education statutes. Notice of Removal, ECF No. 1 (Nov. 15, 2016).

Now, after obtaining a second set of counsel with numerous extensions of times by the Court, Plaintiffs have moved to amend their Complaint. Second Mot. to Amend Compl., ECF No. 93 (Apr. 12, 2020) ("Pl.'s Mot.").

For the following reasons, and in large part due to the long delays in Plaintiffs' prosecution of this case, the motion to amend the Complaint is **DENIED.**

I. **BACKGROUND**

The Court assumes familiarity with the underlying factual and procedural background of this case. *See* Order, ECF No. 69 (Nov. 20, 2019).

On October 23, 2018, the parties were referred to Magistrate Judge Holly F. Fitzsimmons for a settlement conference. ECF No. 34-35 (Oct. 23, 2018).

On April 16, 2019, the Court granted Plaintiffs' counsel's motion to withdraw as attorney. Order, ECF No. 57 (Apr. 16, 2019).

On November 20, 2019, the Court held a status conference. Minute Entry, ECF No. 68 (Nov. 20, 2019). The parties indicated that settlement was unlikely, and Southington requested more clarification on deadlines for dispositive motions.

That same day, the Court issued an order allowing Plaintiffs to either have an attorney enter an appearance on their behalf or enter appearances as *pro se* self-represented litigants by December 20, 2019. Order at 2, ECF No. 69 (Nov. 20, 2019). The Court also stated that if Plaintiffs failed to do either by December 20, 2019, then Southington could file a dispositive motion by January 17, 2020, and the Court would then consider if the case could be "successfully prosecuted, or if it must be dismissed." *Id.* at 2.

On December 20, 2019, Plaintiffs failed to file anything on the docket, but the Court *sua sponte* extended their deadline to January 10, 2020, and kept the January 17, 2020 deadline for Southington to file a dispositive motion. Order, ECF No. 70 (Dec. 20, 2019).

On December 26, 2019, the Court granted in part Southington's motion for clarification, ECF No. 71 (Dec. 23, 2019), and removed the January 17, 2020 deadline. Order, ECF No. 72 (Dec. 26, 2019). The Court stated that if Plaintiffs now failed to meet the extended January 10, 2020 deadline, their case may be "dismiss[ed] . . . for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.*

On January 10, 2020, Plaintiffs obtained new counsel, who filed an appearance and moved for an extension of time, a status conference, to amend the Complaint, and to seal the administrative record. Docket Entries, ECF No. 73–77 (Jan. 10, 2020).

On January 22, 2020, the Court held a status conference. Minute Entry, ECF No. 83 (Jan. 22, 2020). The Court set a new deadline of April 3, 2020 for simultaneous dispositive motions, and ordered the administrative record to be filed with the Court before dispositive motions are

filed and before the Court would consider a motion to seal it. *Id.* The Court also denied without prejudice the first motion to amend Plaintiffs' Complaint, as Plaintiffs did not have a proposed Amended Complaint ready. *Id.*

On February 28, 2020, Plaintiffs moved to seal the administrative record and attached it as an exhibit to the motion to seal. Second Mot. to Seal, ECF No. 84 (Feb. 28, 2020).

On March 2, 2020, the Court granted in part the motion to seal and stated it would only seal the administrative record. Order, ECF No. 85 (Mar. 2, 2020).

On March 4, 2020, The Court also directed Plaintiffs to "separately file a sealed version of the administrative record." Order, ECF No. 86 (Mar. 4, 2020).

On March 20, 2020, Plaintiffs moved for an extension of time until June 3, 2020 to file dispositive motions. Second Mot. for Extension of Time, ECF No. 87 (Mar. 20, 2020).

On March 23, 2020, the Court granted in part the request, and set May 1, 2020 as the new deadline "[g]iven the age of the case." Order, ECF No. 88 (Mar. 23, 2020).

On April 6, 2020, Plaintiffs moved to seal the administrative record and filed it as separate exhibits. Docket Entries, ECF Nos. 89, 90, 92 (Apr. 6 and 7, 2020).

On April 7, 2020, the Court granted the motion to seal the administrative record. Order, ECF No. 91 (Apr. 7, 2020).

On April 12, 2020, Plaintiffs moved again to amend their Complaint. Pl.'s Mot.; First Mem. in Supp. of Pl.'s Mot., ECF No. 94 (Apr. 13, 2020) ("Pl.'s Mem."); Notice of Suppl. Ex., ECF No. 95 (Apr. 14, 2020).

On April 15, 2020, Southington objected to the motion to amend. Obj. to Pl.'s Mot., ECF No. 97 (Apr. 15, 2020) ("Obj.").

On April 17, 2020, Plaintiffs replied. Reply to Obj. to Pl.'s Mot., ECF No. 101 (Apr. 17, 2020) ("Reply").

On April 24, 2020, Plaintiffs filed a third motion for extension of time until June 1, 2020 to file dispositive motions. Third Mot. for Extension of Time, ECF No. 102 (Apr. 24, 2020).

On April 26, 2020, the Court granted in part the motion for extension of time, and stated that dispositive motions will be due by May 15, 2020.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Rule 15, the decision to grant leave to amend is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (internal citation omitted)); *Park B. Smith, Inc. v.*

*CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)).

### III.   DISCUSSION

Plaintiffs seek leave to amend the Complaint in order to ensure it conforms to statutory and federal requirements. Pl.'s Mem. at 4–5. According to Plaintiffs, this amendment is within the existing timeline of the Court's scheduling order, will not result in undue delay, and will not unduly prejudice Southington "since all of the allegations in the Proposed Amended Complaint relate back to the Plaintiff's Superior Court Complaint." *Id.* at 4. Plaintiffs also seek an exemption from the "redlining" requirements in Local Rule 7, because they contend there is no original federal court Complaint that is being amended. *Id.* at 5–6.

In response, Southington first emphasizes the Plaintiffs have never sought to amend their Complaint, even when they had counsel. Obj. at 2–4. Southington also notes that Plaintiffs' Complaint complied with Connecticut's simple pleading requirements, as it was first filed in state court. *Id.* at 2–3. Second, Southington submits that the Court's first scheduling order set a deadline of September 7, 2018 for discovery, and Plaintiffs never sought to extend the deadline for amended pleadings. *Id.* at 4. Furthermore, Plaintiffs did not file the administrative record until "approximately forty months after the Connecticut State Department of Education's Bureau of Special Education shared two copies . . . with them." *Id.* at 6.

Southington submits that the Court's review "should focus on the Plaintiffs' compliance with the good cause standard of Rule 16(b) of the Federal Rules of Civil Procedure, rather than the more liberal amendment language in Rule 15." *Id.* at 7. Even if the Court uses Rule 15,

Southington argues that amendment is not required to convert Plaintiffs' Complaint from an administrative appeal to a civil action, as the Court has treated the original Complaint as a civil action in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. *Id.* at 10. Southington also contends that it is prejudiced by any continued delay in this case, and Plaintiffs have failed to address the delays in this case. *Id.* at 11–12.

In reply, Plaintiffs assert there is no evidence that their new counsel has failed to comply with Rule 16(b). Reply at 4. Plaintiffs submit they were not put on notice that their case risked being dismissed until the November 20, 2019, status conference, and they contend they were *pro se* except for the five-month period that Ms. Baird represented them. *Id.* at 5. Plaintiffs argue that only they will be prejudiced if the Court denies their motion to amend, and no manifest injustice will occur should the Court grant them leave to amend. *Id.* at 9.

The Court disagrees.

Despite Plaintiffs' contention that amendment is required "in order to conform to federal court pleading requirements," Pl.'s Mem. at 6, as Southington notes, Obj. at 10, the Court has already decided that Plaintiffs have successfully commenced a civil action under the IDEA and other statutes. *See* Ruling and Order on Defs.' Mots. to Dismiss at 2–3, ECF No. 21 (Jan. 22, 2018) (describing Plaintiffs' claims under the IDEA and relief sought in Complaint).

Moreover, this case has suffered from long delays, and the Court has provided significant time for the Plaintiffs to obtain new counsel. The Court has also been generous in allowing for extensions of time, even after new counsel has been brought in. Given the long delays in the prosecution of this case and its impact on the case's ultimate resolution, the Court will not grant Plaintiffs leave to amend their Complaint at this time. *See, e.g.*, *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming district court's denial of leave to amend the complaint

when plaintiffs delayed more than one year before seeking leave, discovery was completed, and a summary judgment motion was pending).

Accordingly, consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court denies this motion for leave to amend the October 17, 2016 Complaint.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiffs' motion to amend their Complaint.

The Court also notes it is not inclined to grant further extensions of time.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of April, 2020.

           /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge